FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2013 AUG 29 PM 2:29

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

CHRISTOPHER J. HRANEK,

Plaintiff,

vs.

CASE NO.

3:13-CV-1061-J-34JRK

MORGAN & MORGAN, P.A.

Defendant.

_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, Christopher Hranek, ("Plaintiff"), on his own behalf was an employee of Defendant, Morgan & Morgan P.A., ("Defendant"), a Law firm in Jacksonville, Florida and brings this action for unpaid overtime compensation, lost wages, liquidated damages, declaratory relief, penalties, and reasonable attorneys' fees and costs incurred on the following basis;

**COUNT 1:** Violations of The Fair Labor Standards Act (the "FLSA"),

29 U.S.C. § 201, et seq., 29 U.S.C. § 216(b) 29 U.S.C. § 207.;

**COUNT 2:** Violations of the Family Medical Leave Act of 1993, (the "FMLA")

29 U.S.C. § 2617; 29 C.F.R. § 825.300(b), (c)., 29 U.S.C. § 2601, et seq., (as amended).

## I. PARTIES

1. Plaintiff was an Investigator and performed related activities or duties for the Defendant in various Counties of Florida, operating out of a local office in Jacksonville Florida, in Duval County.

2. Defendant, Morgan & Morgan P.A. of Jacksonville, Florida has its headquarters in Orlando Florida, therefore venue is proper in the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## II. JURISDICTION

3. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §785 and the FLSA, and 29 U.S.C. §825 and the FLMA.

4. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C 2601 et seq., as amended.

6. This Court also has jurisdiction over Plaintiff's claims pursuant to, though Not limited to, FMLA 29 U.S.C. § 2654; U.S.C. § 2617.29 C.F.R. § 825.300(b),(c). 29 U.S.C. 2616. 29 C.F.R. § 825.214.

## III. COVERAGE

7. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

8. At all material times, Defendant has had and has an annual gross volume of earnings made or business done of not less than $500,000.

9. Defendant was a covered employer as outline by C.F.R. § 825.10.

## IV. FACTUAL ALLEGATIONS - COUNT 1   (FLSA)

10. Plaintiff provided services as a field Investigator, a nonexempt direct employee of the Defendant

11. Plaintiff worked in this capacity from approximately June 2008 through May 2012.

12. Plaintiff has/had NO authority to manage, hire, or fire other employees, nor did Plaintiff's primary duty include the exercise of discretion and independent judgment with respect to significant matters, 29 C.F.R. § 541.202(a)

13. Defendant utilizes the Investigators as a preliminary contact with injured individuals, "potential clients", (the Injured Person(s), or legal representative(s).

14. Plaintiff utilized a personal vehicle for all hours worked.

15. On the average, Plaintiff worked well over forty (40) hours per week. Often, the plaintiff work(ed) up to seventy (70) hours per week without overtime compensation.

16. Specifically, Plaintiff's wages were based on salary, whether Plaintiff worked more than forty hours per week.

17. Plaintiff routinely worked in excess of forty (40) hours per week as part of the regular job duties.

18. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff for compensation at a rate of time and a half the regular rate of pay for hours worked over forty in a workweek.

19. Defendant's failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice and failure

to assure that Investigators are paid for overtime hours worked based on the Defendant's intentional misclassification of the Plaintiff as a salary employee.

20. Defendant knowingly, willfully, or with reckless disregard, even after various complaints, continued to carry out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

21. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations, 785.11, 785.12, 785.14, 785.38, 778.316 etc...,

22. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law, and is subject to the 3 year statute of back-due overtime pay.

23. Defendant is a Law Firm and an employer that knows or has reason to believe That the plaintiff was in fact working beyond the paid work time,  (Handler   v.  Thrasher, 191, F. 2d 120 (C.A. 10, 1951)

### IV. FACTUAL ALLEGATIONS - COUNT 2   (FMLA)

24. Plaintiff was a field Investigator for a major Law firm, (the Defendant) from June 2008 until terminated while on FMLA leave via certified mail, August 9th 2012.

25. Plaintiff has not been offered nor returned to his position and pay at the time of taking FMLA leave.

26. Defendant knowingly, willfully, or with reckless disregard, failed to follow FMLA guidelines or notice requirements provide in the Code of Federal Regulations.

27. Defendant did not act in good faith or reliance upon any of the following in Employment procedures or practice: (a) case law, (b) the FMLA, 29 U.S.C. § 2601 et. Seq.

## V. RECOVERY OF OVERTIME COMPENSATION

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23 above.

29. Plaintiff was/is entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During his employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for same.

30. As a result of Defendant's intentional, willful, and unlawful acts in refusing to Pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, has/have suffered damages plus incurring reasonable attorneys' fees and costs.

31. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

32. Plaintiff demands a trial by jury.

## VI. RECOVERY OF FMLA VIOLATIONS AND COMPENSATION

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-9 & 24-27 above.

27. As a result of Defendant's intentional, willful, and unlawful acts in refusing to Notify plaintiff of his FMLA rights and responsibilities, terminating his position and medical, Plaintiff has suffered Damages in lost wages, his personal and family medical benefits, other group benefits, plus incurring reasonable attorneys' fees and costs.

28. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

29. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, demands judgment against Defendant for:

a) The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked for which Defendant did not properly compensate Plaintiff;

b) Liquidated damages;

c) Reasonable attorneys' fees and costs incurred in this action;

d) Pre- and post-judgment interest or penalties as provided by law;

e) Trial by jury on all issues so triable;

f) lost wages to date as a result of Job termination in Violation of FMLA (to be determined)

f) Any and all further relief that this Court determines to be appropriate.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing of this complaint has been sent via

US certified Mail no: _/ZX 318 630 334 710 764_   To District Court.
Upon;

**Morgan & Morgan, P.A.**

20 N. Orange Ave., 14th Floor

P.O. Box 4979

Orlando, FL 32802-4979

Telephone: (407) 420-1414

Dated this _____ day of August, 2013.


Christopher J. Hranek,
Plaintiff,

_/s/ Christopher Hranek_