UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER J. HRANEK,

    Plaintiff,

v.

MORGAN & MORGAN, P.A.,

    Defendant.

CASE NO.: 3:13-cv-01061-MMH-JRK

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1))** [Court recommends 30 days after CMR meeting] | Waived[1] |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [all parties are directed to complete and file the attached] | Completed |
| **Motions to Add Parties or to Amend Pleadings** | September 15, 2014 |
| **Disclosure of Expert Reports** Plaintiff: Defendant: | September 15, 2014 October 17, 2014 |
| **Discovery Deadline** [Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | November 28, 2014 |
| **Dispositive and <u>Daubert</u> Motions** | January 12, 2015 |

---

[1] The parties agree that the Rule 26(a)(1) initial disclosures are not necessary in the instant matter. Pursuant to the Track Notice and FLSA Scheduling Order entered on September 4, 2013 (Dkt. 3), the parties engaged in limited discovery prior to submitting this Case Management Report.

| | |
|---|---|
| [Court requires 4 months or more before trial term begins] | |
| **Trial Term Begins**<br><br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term **must not** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived). Trials before the District Judge will generally be set on a rolling trial term toward the beginning of each month, with a Final Pretrial Conference to be set by the Court the preceding month. If the parties consent to trial before the Magistrate Judge, they will be set for a date certain after consultation with the parties] | June 2015[2] |
| **Estimated Length of Trial** [trial days] | 3-4 days |
| **Jury/Non-Jury** | Jury |
| **Mediation**<br>Deadline: Completed<br><br>Mediator: Alexandra (Sandra) Hedrick<br>Address: 4446 Hendricks Avenue<br>        Suite 398<br>        Jacksonville, Florida 32207<br><br>Telephone: 904-398-3988<br><br>[Mediation is mandatory in most Track Two cases; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline; if the parties do not so designate, the Court will designate the mediator and the deadline for mediation. A list of certified mediators is available on the Court's website and from the Clerk's Office.] | A Settlement Conference with United States Magistrate Judge Klindt was already attempted by the parties. Should a mediation conference occur the parties agree to utilize Sandra Hedrick, Esq. |
| **All Parties Consent to Proceed Before Magistrate Judge**<br>If yes, the parties shall complete and all counsel and/or unrepresented parties shall execute the attached Form AO-85. | Yes____ No _X_ |

---

[2] While this date is approximately twenty-one (21) months from the date the complaint was filed, pursuant to the Track Notice and FLSA Scheduling Order entered on September 4, 2013 (Dkt. 3), discovery was stayed for the first five months. This date is approximately fifteen (15) months from the settlement conference, which was held in this matter on February 25, 2013. The parties agree that the additional time is needed to complete discovery relating to both of the Plaintiff's causes of action. In addition, Plaintiff's recently engaged legal counsel, David Sacks, currently has trials set in April, May and June of 2014. Defendant's corporate representative, Greg Prysock, has a three-week trial set to begin the first week of September 2014.

**I.       Meeting of Parties**

Lead counsel shall meet in person or, upon agreement of all parties, by telephone.  (If all parties agree to conduct the case management conference by telephone, they may do so without filing a motion with the Court.)  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a telephonic meeting was held on March 13, 2014 at (time) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| David B. Sacks, Esquire | Plaintiff |
| John E. Duvall, Esquire | Defendant |
| R. Michelle Tatum, Esquire | Defendant |

**II.      Preliminary Pretrial Conference**

**Track Two cases:**  The Parties do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:  **N/A**

**III.     Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

The parties agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) on or by **April 14, 2014**.

**IV.     Agreed Discovery Plan for Plaintiffs and Defendants**

   **A.     Certificate of Interested Persons and Corporate Disclosure Statement**

This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well

as for other matters that might require consideration of recusal. Therefore, each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and serve within **fourteen (14) days** from that party's first appearance a Certificate of Interested Persons and Corporate Disclosure Statement using the attached mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. All papers, including emergency motions, are subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. <u>Any party who has not already filed and served the required certificate is required to do so **immediately**.</u> Each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer. A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

### B.   Discovery Plan/Deadline

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. <u>See</u> Local Rule 3.03 (e). In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and the Middle

District of Florida's Discovery Handbook. Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: **The Parties will comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida of the United States District Court.**

C. **Confidentiality Agreements/Motions to File Under Seal**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon motion and order entered under Local Rule 1.09. The parties may reach their own agreement (without Court endorsement) regarding the designation of materials as "confidential." The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: **The parties may designate documents as confidential pursuant to a confidentiality agreement.**

D. **Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege**

Pursuant to Fed.R.Civ.P. 26(f)(3), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:  **The parties have discussed their duties pursuant to Fed R. Civ. P. 26(a)(1)(B) regarding electronic discovery.  No party anticipate the disclosure or discovery of ESI in this case.**

**If the disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:**

    **A.    Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.**

    **B.    The form or forms in which ESI should be produced.**

    **C.    Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.**

    **D.    Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.**

    **E.    The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.**

    **F.    The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.**

    **G.    Any issues relating to preservation of discoverable ESI.**

    **H.    Assertions of privilege or of protection as trial-preparation materials, including whether parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502.**

V.  **Mediation**

Absent a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at www.flmd.uscourts.gov.  If the parties do not so designate, the Court will designate the mediator and the deadline for mediation.

VI. **Requests for Special Handling**

Requests for special consideration or handling (requests may be joint or unilateral):  **N/A**

Date:  March 13, 2014.


By: s/David B. Sacks
David B. Sacks, Esq.
Florida Bar No. 964409
david@sackslegal.com

THE LAW OFFICE OF DAVID B. SACKS, P.A.
4494 Southside Blvd, Suite 101
Jacksonville, FL 32216
Telephone: (904) 634-1122
Facsimile: (904) 355-8855

Attorney for Plaintiff

By: /s/ John E. Duvall
John E. Duvall, Esquire
Florida Bar Number 503932
jduvall@fordharrison.com

R. Michelle Tatum, Esquire
Florida Bar Number 816051
mtatum@fordharrison.com

FORD**HARRISON**LLP
225 Water Street, Suite 710 (32202)
Post Office Box 41566
Jacksonville, Florida  32203
Telephone:  (904) 357-2000
Facsimile:   (904) 357-2001

Attorneys for named Defendant, Morgan & Morgan, P.A.

WSACTIVELLP:6667084.1